## SECOND DEPARTMENT, APRIL, 1929.

GUSTAV BLAZEK, Appellant, v. WALLKILL PUBLIC SERVICE CORPORATION, Respondent.

We are of opinion that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury.   Lazansky, P. J., Rich, Young and Carswell, JJ, concur; Seeger, J., dissents and votes to affirm, with the following memorandum:

SEEGER, J. (dissenting).   Plaintiff's motorcycle, operated by himself, collided with defendant's bus on a street twenty-four feet wide.   Plaintiff was going in a southerly direction; defendant's bus in the opposite direction.   The street was straight and the vehicles were in clear view for a considerable distance.   The rails of a s ngle-track street railroad were in the center of the street.   Plaintiff saw defendant's bus a considerable distance away as he was pass'ng a parked car on the right or westerly side of the street.   Both vehicles were being operated at a speed of about fifteen miles an hour.   As they approached each other, defendant's bus, which was on its right side of the road, turned into the center of the road to pass a standing or parked car.   There was ample distance between the parked car and the opposite side of the street for both vehicles to pass.   Plaintiff, however, was driving his motorcycle in the center of the street or over the right-hand rail of the car track.   He continued to advance in this position until the bus had nearly passed the parked car and was turning to the right side of the road.   Both

* See App. Div. Rules, 1st Dept., rule 6.— [REP.

vehicles kept on moving at the same rate of speed until plaintiff's motorcycle collided with the left side of the bus, which was then at an angle, turning toward its right side. Plaintiff made no effort to pass to the right s de of the road until so near to the bus that when he undertook to turn to pass to the right the wheels of his motorcycle slipped on the rail, thus causing the collision. He did not seasonably turn to the right to pass the bus. The General Highway Traffic Law (§ 12, subd. 6)* provides in part: " In meeting both vehicles shall keep to the right, so as to insure safe passage, and this without regard to the middle line of the highway." There having been ample room for both vehicles to pass between the parked car and the opposite side of the street, it was not negligent for the bus driver to undertake to pass the standing car, notwithstanding that plaintiff was approaching with his motorcycle. The collision was unavoidable on defendant's part. It might have been avoided if plaintiff had turned out of the car rails sooner, for which there was ample opportunity. On the question of defendant's negligence the verdict is contrary to the evidence, and was properly set aside by the trial justice.

---

* Now Vehicle and Traffic Law, § 82, subd. 5. See Laws of 1929, chap. 54, §§ 95, 99, 105.— [REP.